Good morning, Your Honors. Todd Burns on behalf of Mr. Estrada. I want to begin by addressing the government's procedural bar argument for which they rely on this court's opinion in Castro-Verdugo. In Castro-Verdugo, the court held that the defendant could not challenge his conviction in his original sentencing proceeding in a later probation revocation proceeding. And that is not at all the circumstance here. Mr. Estrada seeks to challenge the supervisor lease term not imposed during his original sentencing proceeding, but imposed in a later supervisor lease proceeding. And he seeks to do it in a supervisor lease proceeding. And I think to appreciate that distinction, it's useful to look at the Garace case, which was one of the two bases for the holding in Castro-Verdugo. And that is a case which said an appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence. And in that case, what the defendant tried to do during a probation revocation proceeding is say, my original guilty plea was invalid. My conviction was invalid because the judge participated in the plea negotiation. So he was going after his prior conviction in total, which again is even farther from what's going on in this case. Again, it's a challenge to the supervisor lease term for which he's just been violated and imprisoned that was in a term that was imposed in supervisor lease proceedings. The other foundation for the holding in Castro-Verdugo was that if in that case the defendant was allowed to proceed with this challenge, he would be thwarting, in the court's words, the one-year statute of limitations in 2255. Again, not a circumstance that is involved in this case. The challenge brought in this case was brought within a couple months of the imposition of the unlawful supervisor lease term. So the government's procedural bar argument must come down to, if you can bring a claim in a 2255 proceeding, then you must bring a claim in a 2255 proceeding, which is contrary to a wealth of this court's case law. The most obvious area that comes to mind is ineffective assistance of counsel. In certain cases, defendants can bring ineffective assistance of counsel claims on direct appeal, even though they can also bring them as a 2255 motion in a habeas proceeding. There are countless other circumstances where a defendant could bring a claim on direct appeal that he could also later bring in a 2255 proceeding. The significant difference usually is likely going to be that if he tries to bring it later in a 2255 proceeding, there will probably be a procedural bar argument made. Why wasn't this brought earlier? And one suspects if when I discovered the unlawful supervisor lease term issue when I was first appointed to this case, and I had tried to instead bring it as a 2255 claim rather than just proceeding with this appeal and raising it here, the government would probably have argued there was a procedural bar in that context, too. So it seems like it's a lot of procedural bar talk that doesn't really get to the crux of the issue, which is this claim is not barred by a one-year statute of limitations. It's not otherwise barred because you must bring a claim in a 2255 proceeding. Again, that is a great deal of this court's case law. I have two roadblocks with your line of reasoning. The first is when he was sentenced at the second revocation, which is the sentence that's at issue, there was no objection to the validity of the sentence he was given either at the time or at any point until we agree with you that our prior cases aren't a perfect match factually. Because there was no prior objection, this is a collateral attack of that second revocation sentence. So why doesn't the reasoning of those cases apply by analogy? See, I don't think that it is because if you just imagine one step earlier in this process, if Mr. Estrada in the district court had said to the district court judge, look, you're violating me on this term of supervised release you imposed, but it was an unlawful term. It exceeded the statutory maximum. There's no obligation for the defendant to raise an objection or an argument of invalidity before revocation proceedings? Well, I believe that there is an obligation and that it should have been raised in the district court, and that's why plain error maximum, and that's why I believe relief under the plain error standard is appropriate. I can't argue with, of course, that this should have been raised in the first instance in the district court. But again, the consequence of that, at least in my view, is the plain error standard. So with that, I'll turn then to the statutory maximum argument because that is sort of what the government led with in its answering brief, that the statutory maximum for supervised release in all drug cases is life. And for that, it relies on this court's opinion in Garcia. Garcia didn't approve a life term of supervised release. It approved five years. Furthermore, it did so because there was tension between the general statutory maximum, supervised release statute 3583, and the specific supervised release terms that apply to drug offense in that case, which were in 21 U.S.C. 960. Furthermore, there was tension between those two, which were both at three years, and the guidelines provisional applicable at the time was at five years. And again, at that time, the guidelines were mandatory. Of course, now they're not. There is no such tension in this case. The general statutory maximum is five years. The drug offense statutory minimum is four years. So those reconcile perfectly. Furthermore, the guidelines, while not being mandatory, have been amended since Garcia, such that that is exactly the guideline range, four to five years. So there's simply no valid argument to say, oh, well, but we're just going to wipe all that away and say the statutory maximum is life. It's five years, and in the revocation process, minus the aggregate of prior terms of imprisonment. So the term here imposed was obviously unlawful. The final point I want to touch on is, well, you know, what can be done about it now? And based on this court's opinion at best, it is not an option to allow the district court to just correct the sentence. At best, the district court opposed three six-month imprisonment terms along with three-year probation terms. Probation terms are illegal because imprisonment was imposed when that was challenged. Subsequently, the district court tried to change it by getting rid of one of the six-month imprisonment terms and instead opposing three years probation on that term. The court just said you can't do that. It said, we recognize the district court judge could have lawfully imposed the disputed sentences at the time of initial sentencing. However, we refuse to sanction a broad rule which would allow a sentence to be changed to conform with the which best prohibits. The government points out that it was a double jeopardy case. Well, yeah, sort of. That language is broader than double jeopardy, number one. Number two, it wasn't really double jeopardy because the district court in the initial sentencing imposed six months custody and three years probation. And by correcting the sentence, the district court essentially imposed the same sentence. He just corrected for the unlawful sentence. So I think best indicates that at this point the appropriate remedy is to discharge Mr. Estrada from custody. And in that regard, I will just point out his projected release date is in mid-September. He has no supervised release to follow. So if this court were inclined to act and grant any relief, there's a Morning, Your Honors. May it please the court, Amy Wong for the United States. I would also like to start with a preliminary issue here that Mr. Estrada cannot collaterally challenge his prior revocation sentence on a subsequent collateral attack. Castro-Verdugo is directly on point on that issue. And this court should improper collateral attack on his second revocation sentence in a direct appeal of his third revocation sentence. Castro-Verdugo held that this court cannot reach back or revisit a prior underlying sentence in a subsequent appeal in contravention of 2255, which would have been the appropriate procedure for Mr. Estrada's case. Therefore, the judge's 58-month sentence at that time it was handed down, Mr. Estrada could have objected or filed a habeas petition or filed a Rule 35 petition, but he did not. And so moving forward, should this court reach the merits, it would be a plain error standard of review. But it's our position that he is, Mr. on this appeal. Turning to the alleged supervised release violation, the lifetime maximum term for Mr. Estrada was valid under 960B. And there's no tension between Section 3583B and 960B because the two statutes directly refer to each other. 3583, in its introductory line, explicitly defers to 960 in saying, unless it's otherwise Trump 3583. The case law is also clear that the maximum term for drug crimes is a maximum supervised release term of life. And in this case, the judge only sentenced him to 58 months on his second invocation of the court's decision in Best. Best is not applicable here because it was a double jeopardy case. In that case, the district court initially imposed an invalid sentence, that of 6 months custody followed by probation. And in a correction, the judge revised that sentence to 6 months of custody on one count, 3 years of probation on the other two counts. And the Ninth Circuit found that the corrected sentence violated double jeopardy in that it increased Mr. Best's penalty. And so unless the court has any further questions, we would just ask that the court affirm the supervised release. Thank you, Counsel. Thank you. Mr. Burns, I think you have a little time left. Thank you, Your Honor. Government counsel started by saying that Mr. Estrada can't challenge the supervised release term in a collateral attack. Well, of course, she went on to say more, and that's not exactly what she meant. He can challenge it. He could have brought a 2255. As a matter of fact, it's been less than a year. He could bring a 2255 tomorrow. The question is, because he can bring a 2255, must he bring a 2255? And I'm not aware of any case law that indicates that. Regarding the maximum life term, it seems to be a commonly accepted idea. It's indicated in a number of the pre-sentence report and a number of other documents in this case and in some unpublished opinions from this case. It's flat out wrong, and it doesn't make any sense. And I think, you know, look, Mr. Estrada's got a couple months left in custody, not a huge lot hanging in the balance for him at this point. But clearing up that point of law, which is just wrong, especially with the guidelines not being mandatory, especially based on the reasoning and the end case from the Second Circuit that this court relied on, would be, I think, a broader service that would be worthwhile to do in a published opinion. Of course, again, there's a two-month window at this point. Thank you, counsel. All right. The matter of Estrada v. United States is submitted.
judges: TASHIMA, FORREST, Cardone